IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY SHAWN LEWIS, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 22-1451 |
| v. | ) |
| M. ZAKEN, Facility Manager, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Tony Shawn Lewis, a prisoner who is incarcerated at the State Correctional Institution at Greene, Pennsylvania (SCI Greene), brings this civil rights case against several prison officials at SCI Greene, alleging that they acted to deny him parole by filing false misconduct charges against him.

Presently pending before the Court for resolution is Plaintiff's "Motion to Strike Answer to Complaint and Subsequent Sequential Pleadings and Motion for Granting of Summary Judgment" (ECF No. 18). In his motion, Plaintiff asserts that Defendants' Answer[1] was untimely filed, and therefore, should be stricken. He also argues that summary judgment should be entered in his favor, presumably on the basis that if the motion to dismiss is stricken, he is entitled to a default judgment in his favor.

For the reasons that follow, Plaintiff's motions will be denied.

### I. **Procedural History**

Plaintiff submitted a Complaint and a motion for leave to proceed in forma pauperis (IFP)

---

[1] As reflected on the docket, Defendants filed a motion to dismiss, not an answer.

on October 14, 2022. On December 1, 2022, his motion to proceed IFP was granted and the Complaint was filed (ECF No. 8). An order was entered on December 13, 2022, that directed the United States Marshal to make service upon Defendants (ECF No. 9).

The docket sheet indicates that notices and waivers were mailed by certified mail to the Defendants on December 21, 2022 (ECF No. 16) and they filed a motion to dismiss on February 7, 2023 (ECF No. 11).[2] While the record reflects the dates of service, there is nothing in the record that reflects when Defendants may have executed and/or returned the waiver.

On March 17, 2023, Plaintiff filed the motion to strike and for summary judgment (ECF No. 18).

## II.    Standard of Review

An answer to a Complaint is due either:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed. R. Civ. P. 12(a)(1)(A). If a defendant files a motion to dismiss, the defendant's answer is not due until 14 days after the motion is denied. Fed. R. Civ. P. 12(a)(4)(A). An untimely answer or motion to dismiss may be stricken. See Fed. R. Civ. P. 12(f).

Motions to strike, however, "are not well favored and usually will be denied unless the allegations have no plausible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Rd. Dev. Corp. v. Carlson Corp.-NE.*, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)." It is well established that striking a pleading

---

[2] Defendants' motion will be denied as moot in light of Plaintiff's motion to file an Amended Complaint.

should be seldom done by courts because of the practical difficulty of deciding cases without a factual record. Striking a pleading is a drastic remedy only resorted to when required for the purposes of justice. *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citing *United States v. Consolidated Coal Co.*, No. 89-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991)).

### III. Analysis

As noted above, Defendants were mailed a request for notice and waiver on December 21, 2022. They had 60 days to file an answer or a motion to dismiss, or until February 17, 2023. Their motion was filed on February 7, 2023 and therefore was timely. Indeed, even if the marshal had mailed the request for notice and waiver on the date of the Court order (December 13, 2022), Defendants would have been allowed 60 days, or until February 11, 2023, to file their response. As Plaintiff has provided no basis to conclude otherwise, he has failed to support his claim that Defendants' motion was untimely.

Even assuming for the sake of argument that the motion was untimely, however, Plaintiff's motion must be denied. The effect of striking the motion to dismiss would be to enter a default, and the Court of Appeals for the Third Circuit "does not favor entry of defaults or default judgments, ... as it prefers adjudications on the merits." *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003). *See also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (stating the court's preference for deciding cases on the merits over default judgment); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 2004) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.")

Furthermore, Plaintiff has failed to allege, much less demonstrate, any prejudice he would sustain even if Defendants' motion to dismiss had been untimely filed. Indeed, he now seeks to

3

amend his Complaint, which necessarily means that Defendants will have the right to respond with an answer or other responsive pleading.

Finally, Plaintiff does not explain the grounds for his motion for summary judgment in which he requests that the Court issue a declaratory judgment that the Defendants violated his rights under the Fourteenth Amendment and seeks various amounts of monetary damages. Notably, his motion fails to comply with the requirements of Federal Rule of Civil Procedure 56. Assuming that he contends that he can obtain a default judgment in his favor if Defendants' motion is stricken, he is incorrect. Under the circumstances here, in the absence of any prejudice and in light of his request to amend his complaint, such relief is neither appropriate nor warranted. And as explained above, the Court of Appeals prefers adjudication of claims on the merits to default judgments.

For these reasons, this 23rd day of March, 2023, it is ORDERED that Plaintiff's motion to strike and for summary judgment (ECF No. 18) is DENIED.

          BY THE COURT:

          s/Patricia L. Dodge
          PATRICIA L. DODGE
          United States Magistrate Judge

cc:    Tony Lewis
        DE-9453
        SCI Greene
        169 Progress Drive
        Waynesburg, PA 15370