**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TONY LEWIS,                                )
                                          )
          Plaintiff                )          Case No. 22-1451
                                          )
    v.                                    )
                                          )          Magistrate Judge Dodge
M. ZAKEN, et al.,                          )
                                          )
          Defendants.              )

**MEMORANDUM OPINION AND ORDER[1]**

**I.    Relevant Procedural History**

Plaintiff Tony Lewis initiated this civil rights action by submitting a motion for leave to proceed in forma pauperis ("IFP") on October 14, 2022. (ECF No. 1.) After some deficiencies were addressed, his motion to proceed IFP was granted and the Clerk of Court docketed the Complaint on December 1, 2022 (ECF No. 8).

The Complaint alleges that various employees of the State Correctional Facility at Greene, Pennsylvania ("SCI Greene"), where he was then incarcerated,[2] as well as members and agents of the Pennsylvania Board of Probation and Parole, acted to deny him parole by filing false misconducts against him. Named as defendants are: SCI Greene facility manager M. Zaken; major of unit management M. Malanoski; parole supervisor M. Darr; parole agents J. Seibert, S. Cipriari, J. Buzas and M. Boardley; unit managers B. Gerber, J. Longstreth, Cowan, J. Schaub and G. Dillinger; social worker J. Dillard; Corrections Health Care Administrator B. Nicholson; and board secretaries John J. Talabar and Deborah L. Carpenter.

---

[1] The parties have fully consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 17.)
[2] On April 6, 2023, Plaintiff notified the Court that he had been moved to SCI Forest (ECF No. 24).

On February 7, 2023, Defendants filed a motion to dismiss (ECF No. 11). Plaintiff's motion to amend the Complaint (ECF No. 19) was granted and an Amended Complaint was docketed on March 23, 2023 (ECF No. 23).

On April 6, 2023, Defendants moved to dismiss the Amended Complaint (ECF No. 25). Plaintiff requested an extension of time to respond (ECF No. 28), which was granted (ECF No. 29). Pursuant to this order, his response was then due no later than May 23, 2023. Because Plaintiff failed to respond or otherwise communicate with the Court by this deadline, the Court issued another order (ECF No. 30) that directed him to respond by July 10, 2023. This order also stated: "Failure to comply with this Order will be construed as indicating Plaintiff's desire not to continue prosecution of this case and the Court may dismiss it for failure to prosecute." No response or other communication was received from Plaintiff by this deadline.

As a result, an order was entered on July 19, 2023, directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute (ECF No. 31). Plaintiff was advised that his failure to respond would result in dismissal with prejudice for failure to prosecute. Plaintiff failed to respond by the return date of July 28, 2023 or any time thereafter.

The Court has mailed copies of its orders to both SCI Greene and SCI Forest.[3] Notably, none of the orders mailed to Plaintiff have been returned as undeliverable or refused.

## II.    Analysis

The Court of Appeals for the Third Circuit has described a six-factor balancing test to guide courts in determining whether a case or claim should be dismissed for failure to prosecute. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the

---

[3] Plaintiff's notice that he had been transferred from SCI Greene to SCI Forest was docketed on April 6, 2023. While unclear, it also appears that Plaintiff may be or was an ECF user and may have received electronic notices of filings.

extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure

to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the

conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the

claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine

whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369,

1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before

dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must

"properly consider and balance" each of the six factors based on the record. *See Hildebrand v.*

*Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme'

sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 923 F.3d at 132

(quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*,

747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the

merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870

(3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's

imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at

867 n. 1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory

party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n

determining whether dismissal is appropriate, we look to whether the party bears personal

responsibility for the action or inaction which led to the dismissal."). Plaintiff has ignored multiple

orders of this Court directing him to respond to Defendants' motion to dismiss and to otherwise

show cause why this action should not be dismissed. Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. *See*, *e.g.*, *Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc*., 322 F.3d 218, 222 (3d Cir. 2003). Although this factor does not weigh heavily here, the Court notes that Plaintiff's "continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing the defendants from seeking a timely resolution of Plaintiff's claims. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). The Court cannot resolve whether this case should move forward because of Plaintiff's inaction.

The third *Poulis* factor weighs strongly in favor of dismissal. Since commencing this action in October 2022, Plaintiff has rarely communicated with the Court and as noted above, has failed to respond to multiple court orders. This conduct is sufficient to establish a history of dilatoriness. *See Mack*, 2019 WL 1302626, at *2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving

behavior." *Adams*, 29 F.3d at 874. While it is difficult to evaluate willfulness on the limited record available, there is no indication that Plaintiff is not receiving the Court's orders and yet, he has failed to respond.

The fifth factor address the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See*, *e.g.*, *Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. Here, Plaintiff's allegations arise primarily from the denial of parole. However, and as described in Defendants' motion, he cannot seek release on parole as a remedy under 42 U.S.C. § 1983 and many of his other allegations (official capacity claims, violations of criminal statutes and violation of the International Covenant on Civil and Political Rights) do not state claims for which a private right of action exists or are otherwise barred.

On balance, the Court concludes that at least five of the six *Poulis* factors support dismissal, with the remaining factor (willfulness) tending toward dismissal. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible

where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes

that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

### III.   Conclusion

For these reasons, IT IS ORDERED that this action is dismissed with prejudice due to

Plaintiff's failure to prosecute.

SO ORDERED this 7th day of August 2023

/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge

cc:    TONY LEWIS
       DE 9453
       SCI FOREST
       P.O. Box 945
       286 Woodland Drive
       Marienville, PA 16239